## DAILEY AND OTHERS V. THE STATE.

It is not necessary to recite in a recognizance the specific charge; but if it be attempted, a charge must be recited, for which an indictment will lie; otherwise the recognizance will be void. (Note 89.)

It is not an offense to have stolen goods in one's possession simply; there must be a criminal knowledge or felonious intent; therefore a recognizance to answer a charge of having stolen goods in possession is bad.

Error from Houston. Dailey was committed to jail by a justice of the peace of Houston county on the 10th day of December, 1847, in default of his giving bail in the sum of $1,000 to appear and answer to a charge of "having in his possession stolen goods." On the 10th day of January, 1848, the sheriff took from him a bond in the sum of $1,000, with Youngblood & McKim as his sureties. The bond was payable to the Governor of the State; recited that the principal, "Dailey, was on the 10th day of December, 1847, committed by one Thomas J. Likens, a justice of the peace," &c., to the county jail, "upon a charge of having stolen goods, wares, and merchandise, in his possession;" that he was admitted to bail upon condition of giving bond, &c., for his appearance at the next ensuing term of the District Court "to answer unto the State of Texas for the aforesaid offense;" and is conditioned that he shall appear and abide the judgment of the court, and not depart without leave of the court. The bond was filed in the District Court on the 21st day of April, 1848. The defendant failed to appear at that term, and a judgment by default *nisi* was taken, in the name of the State, against him and his sureties for his failure to appear and answer the State "on a charge of larceny." A *scire facias* having been issued and served upon the defendants at the Spring Term, 1849, the judgment of forfeiture upon the bond was made [418] final. On a subsequent day of the term the defendant appeared and moved to set aside the judgment. The court overruled the motion. He then moved in arrest of judgment. This motion also the court overruled.

*Yoakum*, for the plaintiffs in error.

I. The recognizance was payable to the Governor, whereas it should have been payable to the State. (Acts of 1846, 267, sec. 9; Aulanier *v.* The Governor, 1 Tex. R., 653; Adams *v.* Ashby, 2 Bibb. R., 96.)

II. The sheriff had no authority to take the recognizance. His power extends only to cases where he arrests on a *capias*. (Laws 1846, p. 267, sec. 9.) The taking of a recognizance is by common law a judicial act. (Commonwealth *v.* Littell, 1 A. K. Marsh. R., 566; Young *v.* Shaw, 1 Miss. R., 224.) A recognizance taken by one having no authority is void. (11 Mass. R., 337; 16 Id., 198.)

III. Dailey having given a bond to the Governor to answer a charge of receiving stolen goods, judgment is given against him and his sureties, in favor of the State, for failing to answer a charge of larceny.

*Hamilton*, for the State.

I. It could not have been the intention of the Legislature to place it beyond the power of a sheriff to take bond from a party committed by a justice before indictment, and at the same time require him (Acts of 1846, p. 267, sec. 9) to take bond from another party charged with the same offense after indictment found.

II. The objection that the bond should have been executed to the State is at most an irregularity, and should have been taken advantage of by plea or exception in the court below. A bond to the Governor is substantially a bond to the State. He is a mere agent without interest.

III. It is no valid objection that the bond was to answer a charge of having in possession stolen goods. A bond taken to answer a charge of having in possession stolen goods, or for manslaughter, would certainly bind the parties

14

Cook v. Crawford.

to it if the [419] indictment should be for larceny or murder. (17 Wend R., 252 ; 4 Mon. R., 130.)

WHEELER, J. Of the several errors assigned, it is deemed unnecessary to consider but one : that is, that the recognizance required the party to appear and answer to a charge of having in his possession stolen goods, and the judgment is for failing to answer a charge of larceny.

This assignment suggests the objection that the recognizance requires the party to appear and answer a charge not indictable, and hence that it furnishes no cause of action or ground of proceedings against him.

The objection is not presented directly and with that degree of specialty and precision which would ordinarily be requisite where the objection is of a character which the party, by his silence, may be deemed to have waived ; but as this is not an objection of that character, but one which, if well founded, goes to the merits and foundation of the action, and is necessarily involved in the judgment of the court overruling the motion in arrest of judgment, it is properly and necessarily the subject of revision. (Jones v. Black, 1 Tex. R., 527.)

The undertaking of the party contained in the recognizance or bond is to appear and answer to a charge simply of "having in his possession stolen goods;" and the *scire facias* follows the recognizance in its description of the charge. We know of no law which makes this an indictable offense or which authorizes the taking of a recognizance to answer this charge.

The mere fact of having in possession stolen goods is not a crime. The possession may be lawful, and would not be criminal unless accompanied with a criminal *scienter* or felonious intent. The possession of stolen goods may be evidence to support a charge of larceny, but it does not of itself constitute that crime. As evidence it is by no means conclusive, but is but presumptive, and is stronger or weaker, [420] according to the circumstances attending the possession. (2 Stark. Ev., 449, 480 ; 1 Phil. Ev., 168.)

It is manifest that the present is a very different charge from that of receiving stolen goods, knowing them to be stolen. And in a word it is not a crime known either to the common or statute law of this State.

It is perfectly clear that neither a recognizance nor the *scire facias* upon it will be sufficient to authorize or support a judgment against the principal or surety, when the charge does not appear to be such as may be the subject of a criminal prosecution, and which requires bail. "It is not necessary to recite the specific charge. To answer a charge of felony would be sufficiently explicit, because for every felony an indictment will lie." (3 J. J. Marsh. R., 642, 643.) But no indictment can be maintained on the charge of having in possession stolen goods. The recognizance, therefore, was unauthorized and invalid, and will not support a judgment.

Judgment reversed.

NOTE 89.—The State *v.* Cotton, 6 T., 425; Cotton *v.* The State, 7 T., 547; McDonough *v.* The State, 19 T., 293; Wilson *v.* The State, 25 T., 169; The State *v.* Hotchkiss, 30 T., 162; Meredith *v.* The State, 40 T., 480.